# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| **CLEAN INVESTMENTS, LLC,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | CIVIL NO. 07-21-P-H |
| | ) | |
| **ROCCO J. DiSANTO, SR.,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## ORDER ON DEFENDANT'S MOTIONS FOR A MORE DEFINITE STATEMENT AND TO DISQUALIFY

The defendant Rocco DiSanto's motion for more definite statement is **DENIED**. The Complaint meets the standard of notice pleading under Fed. R. Civ. P. 8(e). "While defendants may prefer highly detailed factual allegations, a generalized statement of facts is adequate so long as it gives the defendant sufficient notice to file a responsive pleading." Langadinos v. American Airlines, Inc., 199 F.3d 68, 72-73 (1st Cir. 2000). This one does. I do not address DiSanto's criticisms concerning the allegations of fraud. If the Complaint fails to satisfy the standards of Rule 9(b), that is a matter for a motion to dismiss, not for a more definite statement.

DiSanto's motion to disqualify Attorney Gene Libby and the law firm Verrill & Dana from representing the corporate plaintiff, Clean Investments, is **DENIED**. The motion has two grounds: first, that in a previous unrelated matter, Attorney

Libby gained "confidential information . . . in the course of a joint defense arrangement", Def.'s Mot. to Disqualify at 2 (Docket Item 14); and, second, that the lawyer and law firm cannot simultaneously represent Clean Investments and "parties with interests adverse to Clean Investments." Id. at 4.

On the first issue, confidential information, the parties dispute factually whether the previous activities that involved DiSanto and Attorney Libby were subject to a joint defense agreement. For purposes of the motion, I will accept DiSanto's version and assume that there was such an agreement. It is undisputed, however, that the prior activities involved a "completely unrelated lawsuit."[1]  Pl.'s Opp'n to Def.'s Mot. to Disqualify at 5 (Docket Item 16); see Def. DiSanto Reply Mem. in Support of Mot. to Disqualify (Docket Item 19) (not disputing the fact that the matters were completely unrelated). The Maine Law Court has established the standard for disqualification in such circumstances, interpreting Maine Bar Rule 3.4(d)(1)(i)[2]:

---

[1] Apparently Rocco DiSanto and his son John DiSanto were involved in a dispute with Dolce Pomodoro, LLC over the rights to a gourmet pasta sauce made at Anjon's Restaurant, a restaurant owned by John DiSanto. Rocco acquired the rights to the pasta sauce from John, after which he apparently agreed to sell the rights to Dolce Pomodoro. Rocco withdrew from the arrangement with Dolce Pomodoro and transferred the rights to the pasta sauce back to John. Dolce Pomodoro sued both Rocco and John DiSanto in State Court on May 16, 2005.

[2] Maine Bar Rule 3.4(d)(1)(i):
> Except as permitted by this rule, a lawyer shall not commence representation adverse to a former client without that client's informed written consent if such new representation is substantially related to the subject matter of the former representation or may involve the use of confidential information obtained through such former representation.

> To disqualify the opponent's attorney based on Maine's bar rule for successive representation when the previous and current matters are not substantially related, the former client has the burden to show that the attorney actually acquired information that is both confidential and relevant to the second action, or that would give the second client an advantage in the action against the former client.

Adam v. MacDonald, 644 A.2d 461, 464-65 (Me. 1994). In an attempt to meet his burden, DiSanto points to two things: that he shared with Attorney Libby "confidential information concerning his assets, and the extent to which such assets would be available for purposes of settlement," Mot. to Disqualify at 2; and that "Attorney Libby . . . necessarily gleaned insight into the way in which Rocco DiSanto responds in the course of defending himself in litigation." Id. at 3.

In Adam, the Law Court held that a "factual inquiry is necessary" to determine whether the lawyer "actually acquired relevant, confidential information through the previous representation." 644 A.2d at 464. I have therefore reviewed thoroughly the affidavits submitted by both sides. I find that Libby did not acquire any confidential information in the previous lawsuit that is relevant or that would give his current client, Clean Investment, an advantage in this lawsuit.

DiSanto never states what it is about his assets that is confidential, and he has made no request to file an *in camera* document. In response to the motion, Attorney Libby asserts that he has long known—from nonconfidential sources—that Rocco DiSanto is judgment proof. He points out that DiSanto has twice filed

3

for bankruptcy in Maine.  In re DiSanto, 95-20300-jag (Bankr. D. Me.); In re DiSanto, 96-20695-jag (Bankr. D. Me.).  He also asserts that Rocco DiSanto's son John DiSanto told him of his father's condition.  Finally, he point to an April 26, 2005, email from Rocco DiSanto's then-lawyer revealing the status of DiSanto's assets and the lack of confidentiality: "Of course, Rocco is judgment proof.  Tim Norton [the lawyer representing the party suing DiSanto] knows that."[3]  Rocco DiSanto has provided nothing further in his reply memorandum to substantiate his claim that he revealed to Attorney Libby something confidential about his assets.  He has not met his burden, therefore, to show that Attorney Libby gained confidential information.

On how DiSanto defends himself in litigation, it is true that Adam says that relevant, confidential information "could include information concerning a client's ability to deal with the stress of litigation."  Id.  I conclude that the operative word is "could," and that the Law Court was referring to something unique or peculiar (and confidential), not the ordinary reactions people have to being sued.  In only the previous paragraph, the Law Court had pointed out that motions for disqualification "can be abused as a litigation tactic."  Id.  There is no suggestion that Adam's brief reference to the "stress of litigation" was designed to be a blanket pronouncement that a lawyer can never in the future appear against a previous client if the lawyer has once observed the client in a litigation setting.

---

[3] E-mail from John McVeigh to Gene Libby (Docket Item 17-2).

Something more is required than an assumption that representing a client "necessarily" imparts confidential information about ability to "deal with the stress of litigation." DiSanto has not provided a sufficient basis for concluding that Attorney Libby has acquired confidential information about his ability to deal with such stress.[4]

The second ground for disqualification is that Attorney Libby represents two other companies, TSI and Self Gen, as well as his brother-in-law John Kerry. According to DiSanto, these three "present a clear and present threat to Clean Investments," Mot. to Disqualify at 5, and "an impermissible conflict of interest." Id. Therefore, says DiSanto, he is entitled to an order disqualifying Attorney Libby and Verrill & Dana from representing Clean Investments in the lawsuit against him. Attorney Libby challenges his involvement with some of these parties, Aff. of Gene R. Libby ¶¶ 27-32, but I will assume for purposes of the motion that Libby represents all of them. If there is a conflict, however, it is for Clean Investments or one of these other parties to assert it, not DiSanto. Nothing on this record suggests that any one of them opposes Attorney Libby's and Verrill

---

[4] DiSanto's previous lawyer says that during mediation, DiSanto "shared his views and outlook on the litigation process with Attorney Libby. Attorney Libby had the opportunity to observe and interact with Rocco DiSanto regarding his reaction to the litigation process and the effect it was having on him." Aff. of John P. McVeigh ¶ 6. DiSanto says: "I spoke freely with Attorney Libby about litigation strategies and tactics . . . and about the possibilities and options for settling the case." Aff. of Rocco DiSanto, Sr. ¶ 3. Those statements are insufficient to meet the Adam standard. Adam held that "the former client has the burden to show that the attorney *actually acquired* information that is both confidential and relevant to the second action, or that would give the second client an advantage in the action against the former client." 644 A.2d at 464-65 *(continued on next page)*

& Dana's representation of Clean Investments in the lawsuit against Rocco DiSanto.

Consequently the defendant's motion for a more definite statement and to disqualify the plaintiff's counsel are both **DENIED**.

**SO ORDERED.**

**DATED THIS 23RD DAY OF MAY, 2007**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

(emphasis added).